NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0275n.06
Filed: April 21, 2006

Case No. 05-3571

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JOANNE VENTRA, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| LAKE COUNTY GENERAL HEALTH, | ) | DISTRICT OF OHIO |
| DISTRICT, et al., | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |

BEFORE: BATCHELDER and GRIFFIN, Circuit Judges; ZATKOFF, District Judge.[*]

Plaintiff-Appellant Joanne Ventra appeals the district court's order granting summary

judgment to the defendants, the Lake County General Health District, its Commissioner, Joel Lucia,

and one of its division supervisors, Janet Merrick, on Ventra's claims that by failing to hire her as

a dietician, the defendants discriminated against her in violation of the Age Discrimination in

Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., the Americans with Disabilities Act of 1990

("ADA"), 42 U.S.C. § 12101, et seq., and Ohio law. The district court held that Ventra had failed

to establish a prima facie case under the ADEA because she had not produced any evidence that the

individual actually hired for the position was younger than she, and that, even assuming a prima

facie case, Ventra had failed to demonstrate pretext because she had not produced any evidence to

_____

[*]The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation.

rebut the defendants' legitimate nondiscriminatory reason for not offering the position to Ventra. Further, the district court assumed for purposes of the summary judgment proceedings that Ventra had met the requirements of a prima facie ADA claim, but held that, as was the case with the ADEA claim, Ventra had not presented evidence to demonstrate pretext. Because discrimination claims brought under Ohio law are reviewed under the same evidentiary standards applicable to claims brought under the ADEA and ADA, the district court granted summary judgment on the state law claims as well. Ventra appeals only the granting of summary judgment on the federal claims.

Having had the benefit of oral argument, and having carefully considered the record on appeal and the briefs of the parties, we conclude that the district court's order thoroughly and accurately sets out both the undisputed facts and the governing law. Because the issuance of a full opinion would serve no jurisprudential purpose and would be duplicative, we **AFFIRM** the grant of summary judgment on the basis of the district court's well-reasoned opinion.